**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**TAMARA JEAN PARKS, individually and as Trustee for the heirs and next of kin of Perry Michael Parks,**

**Plaintiff,**

**v.**

**MICHAEL POMEROY, JEFF GOTTSTEIN, in their individual capacities as officers of the Woodbury Police Department, and the CITY OF WOODBURY,**

**Defendants.**

**Civil No. 00-2191 (MJD/SRN)**

**O R D E R**

---

Eric Hageman, Esq., on behalf of Plaintiff Tamara Jean Parks.

Joseph E. Flynn, Esq., Michael Pomeroy, Jeff Gottstein, and the City of Woodbury.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on May 22, 2001, on Plaintiff Tamara Parks' motion for an order compelling the City of Woodbury to produce documents pertaining to any mental health evaluations or treatment sessions

FILED JUL 09 2001
RICHARD D. SLETTEN, CLERK
JUDGEMENT ENTERED ________
DEPUTY CLERK'S INITIALS ________

of Defendants Michael Pomeroy and Jeff Gottstein which were required by the City of Woodbury as a condition of their employment. Plaintiff Parks contends that because she seeks only psychological records regarding evaluations or treatment ordered by and disclosed to the City -- for which the officers would have no expectation of confidentiality – no privilege applies and the documents must be produced.

As of the date of the hearing on this motion, Plaintiff's counsel had further narrowed his request to the pre-employment psychological evaluations of Defendants Pomeroy and Gottstein.

The Defendants object to the release of any psychological records pertaining to Defendant Officers on the grounds that: 1) such records would be classified as private by the Minnesota Government Data Practices Act, Minn. Stat. § 13.43; 2) such records are not discoverable under Fed. R. Civ. P. 35, as the Officers have not placed their psychological condition into controversy; and 3) the information is not otherwise relevant, discoverable or reasonably calculated to lead to the discovery of admissible evidence.

The Defendants represent that the only psychological records pertaining to Officers Pomeroy and Gottstein resulted from psychological evaluations conducted at the time of hiring. See Affidavit of Todd Johnson.

**A. Background**

On June 3, 2000, Perry Parks was shot in the back and killed in

his home by Defendant Officers Pomeroy and Gottstein who were responding to a 911 call made by his wife, Plaintiff Tamara Parks. A Washington County Grand Jury investigated the shooting and, after hearing testimony, voted not to indict the officers. Plaintiff Parks initiated this action on September 22, 2000, alleging that Officers Pomeroy and Gottstein used unreasonably excessive force, and that the City of Woodbury permitted a practice of unreasonable use of force in the department. Plaintiff's claim against the City of Woodbury pursuant to Monell v. Department of Social Services,436 U.S. 658 (1978) is the subject of this motion.

**B. Discussion**

Plaintiff has alleged that the City of Woodbury "with deliberate indifference to the rights of citizens, initiated, tolerated, permitted, failed to correct, promoted and ratified a custom, pattern and practice on the part of its police personnel, including the defendants Pomeroy and Gottstein, of unjustified, unreasonable use of force." See Complaint, ¶ 3. Accordingly, Plaintiff contends that any and all knowledge the City may have gleaned regarding the Defendant Officers, including information from department-mandated psychological evaluations or treatment, would be relevant evidence to support her Monell claim. Plaintiff submits she must demonstrate "deliberate indifference or tacit authorization by municipal officials of the offensive acts by failure to take remedial steps following notice of such acts by

. . . subordinates." Harris v. City of Pagedale, 821 F.2d 499, 504 (8th Cir. 1987)(quoting Wilson v. City of North Little Rock, 801 F.2d 316, 322 (8th Cir. 1986)). And, she asserts that such information is often found in psychological records, which may disclose evidence of wrongdoing, violence, prior episodes of violence, or the propensity to engage in misconduct. Plaintiff argues that the City's actions in response to information contained within the Defendant Officers' psychological records is an essential element of her Monell claim. See Parrish v. Luckie, 963 F.2d 201, 204 (8th Cir. 1992).

In determining whether non-public materials -- which would include the documents Plaintiff seeks in this motion -- are discoverable, courts are required to apply the two-prong test set forth in the Minnesota Government Data Practices Act, Minn. Stat. § 13.03, subd. 6. Montgomery Ward Co. Inc. v. County of Hennepin, 450 N.W.2d 299, 306 (Minn. 1990). Minn. Stat. § 13.03, subd. 6, states:

> The presiding officer shall first decide whether the data are discoverable or releasable pursuant to the rules of evidence and of criminal, civil, or administrative procedure appropriate to the action. If the data are discoverable, the presiding officer shall decide whether the benefit to the party seeking access outweighs any harm to the confidentiality interests of the agency maintaining the data.

Montgomery Ward, 450 N.W.2d at 306.

Plaintiff Tamara Parks contends that an application of this test weighs in favor of disclosure of the Defendant Officers' pre-employment

psychological examination records. First, Plaintiff argues that these reports are relevant to her Monell claim against the City of Woodbury, and therefore are discoverable, citing Harris v. City of Pagedale, 821 F.2d at 504. Second, Plaintiff contends that because any pre-employment psychological evaluations of Defendants Pomeroy and Gottstein would have been ordered by and disclosed to the City of Woodbury, the psychologist-patient privilege never attached to communications between the Defendant Officers and any mental health provider(s) who evaluated them, and, therefore, these records are not privileged. See e.g., State v. Andrus, 581 F.2d 177 (8th Cir. 1978)(holding that if purported confidential information is shared with a third party, the privilege does not apply).

The Defendants -- Officers Pomeroy and Gottstein and the City of Woodbury -- point out that the psychological evaluations at issue here are pre-employment evaluations of the Officers and were not performed in response to any reports of misconduct, violence or wrongdoing and, therefore, are not related to Plaintiff's stated objective of obtaining these records for discovery of misconduct, wrongdoing or violence. Furthermore, the Defendants contend that mere pre-employment psychological examinations are similar to medical examinations and are not relevant to any Monell claim. And, while acknowledging that the Plaintiff has made specific allegations of inadequate training and instruction, the Defendants point out that Plaintiff has made no

allegation concerning the hiring of the Defendant Officers. Consequently, the Defendants assert that the psychological records prepared in relation to the hiring of each of the Defendant Officers have no relevance to Plaintiff's Monell claims.

The Defendants also assert that not only have the Defendant Officers not placed into controversy their mental condition, the Officers' recognized privacy interests pertaining to their psychological records should not be contravened here, citing Unger v. Cohen, 125 F.R.D. 67, 71 (S.D.N.Y. 1989); and Ulrich v. City of Crosby, 848 F.Supp. 861, 879 fn.24 (D.Minn. 1994). The Defendants submit that the reports of Officers Pomeroy and Gottstein's psychological examinations were provided only to the City, and the Officers had no expectation that these records would be shared with anyone outside the City.

Finally, the Defendants argue that the Officers' psychological records are private data pursuant to the Minnesota Government Data Practices Act, Minn. Stat. § 13.03, Subd. 6; that the Plaintiff has failed to establish that the requested records are relevant to her claims in this case; that the release of such records could be humiliating, distressful or demeaning to the Officers; and that any potential benefit in disclosing these records is outweighed by the harm to the confidentiality interests of the Defendant Officers. The Defendants cite to Allstate Insurance Company v. State, 1999 WL 243583 (Minn. App.

1999), in support of their position, and urge that the Plaintiff's motion to compel the release of records of the Defendant Officers' pre-employment psychological examinations be denied.

In order to properly perform the balancing test set forth in Minn. Stat. § 13.03, Subd. 6, the Court finds it necessary to review the psychological reports resulting from the pre-employment evaluations of the Defendant Officers. The Defendants are therefore directed to submit to the Court for an in camera inspection any and all pre-employment psychological records pertaining to Defendants Pomeroy and Gottstein. The Defendants shall complete this submission by July 16, 2001. The Plaintiff's motion to compel production of documents is hereby held in abeyance pending the Court's in camera review of these records.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1) The Defendants shall, no later than July 16, 2001, submit to the Court for in camera inspection, the psychological records that are the subject of this motion. In the meantime, Plaintiffs' Motion to Compel

Production of Documents (Doc. No. unknown) is **HELD IN ABEYANCE** pending the Court's in camera review of the documents at issue.

Dated: July 9, 2001.

SUSAN RICHARD NELSON
United States Magistrate Judge