UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Tamara Jean Parks, individually and as Trustee for the heirs and next of kin of Perry Michael Parks,

Plaintiff,

vs.

Michael Pomeroy, Jeff Gottstein, in their individual capacities as officers of the Woodbury Police Department, and the City of Woodbury,

Defendants.

---

Case No. 00-CV-2191 (MJD/SRN)

STIPULATION AND ORDER

WHEREAS, the subject of the Washington County Grand Jury testimony of Michael Pomeroy, Jeff Gottstein and Tamara Parks concerns the same subject matter as the issues in the above-entitled federal court action; and

WHEREAS, Pomeroy, Gottstein and Parks are the only living witnesses to the shooting of Perry Michael Parks in the kitchen/dining area of the Parks' home in Woodbury, Minnesota; and

WHEREAS, as a matter of "comity," the plaintiff had to initially pursue the matter in state court by motion; and

WHEREAS, Washington County District Court Judge J. E. Cass ordered the preparation of a transcript for *in camera* review by United States Magistrate Judge Nelson by his Order dated August 13, 2001, a copy of which is attached hereto as Exhibit A. In his attached Memorandum, Judge Cass ruled that, in his view, petitioner in that action and plaintiff herein "has met the test for release of a portion of the grand jury transcript"; and

FILED DEC 17 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

WHEREAS, all parties to this action stipulate to the relevance of the subject matter of the testimony and the appropriateness of its relevance to the parties hereto, subject to the Protective Order already in place in this proceeding; and

WHEREAS, because the parties have not yet seen the testimony, the parties reserve any and all objections to such testimony; and

WHEREAS, Plaintiff asserts that the general rule of nondisclosure set forth in Minn. Rule of Civ. Proc. 18.08 is outweighed by the exception recognized by the Eighth Circuit in *In Re Grand Jury Proceedings Relative to Perl*, 838 Fed. 304, 306 (9th Cir. 1978) and the Supreme Court in *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 226 (1989), and for these transcripts only, Defendant does not disagree with such assertion; and

WHEREAS, Defendant's counsel is stipulating to the release of these Grand Jury transcripts for reasons specific only to this case, and Plaintiff's counsel agrees that this Stipulation and Order to release the Grand Jury transcripts has no bearing on the release of Grand Jury transcripts in any other case and shall not be utilized by counsel to support release of any other Grand Jury transcripts in this or any other case.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED by all parties, through their respective counsel, that:

1. The release of the Washington County Grand Jury transcripts of the testimony of Michael Pomeroy, Jeff Gottstein and Tamara Parks are both relevant and appropriate; and

2. The transcripts are to be treated as "confidential" under the terms of the Protective Order in place in this case by all counsel and parties hereto.

Date: December 13, 2001

GARTNER, BENNETT & SCHUPP, PC

By: ______________________

Robert Bennett (67130
*Attorneys for Plaintiff*
Suite 2200, One Financial Plaza
120 South Sixth Street
Minneapolis, MN 55402-1824
(612) 333-3839

Date: December 14, 2001

JARDINE, LOGAN & O'BRIEN, P.L.L.P.

By: ______________________

Joseph E. Flynn (165712)
*Attorneys for Defendants*
Suite 2100
444 Cedar Street
St. Paul, MN 55101-2160
(651) 290-6500

# ORDER

Based on the Stipulation of the parties hereto,

IT IS HEREBY ORDERED THAT:

1. The release of the Washington County Grand Jury transcript of the testimony of Michael Pomeroy, Jeff Gottstein and Tamara Parks is hereby ordered as it is both relevant and appropriate; and

2. The Washington County Grand Jury transcripts are to be treated as "confidential" under the terms of the Protective Order in place in this case by all counsel and parties hereto.

Dated this 17th day of December, 2001.

BY THE COURT

Susan Richard Nelson

United States Magistrate Judge

776/stip

STATE OF MINNESOTA
COUNTY OF WASHINGTON

TENTH JUDICIAL DISTRICT
STILLWATER, MINNESOTA 55082-3802

In Re: In Re: The Matter of the Grand Jury Proceedings for
Tamara Jean Parks
Case Number: 82-C0-01-001580

JEC

ERIC WILLIAM HAGEMAN
GARTNER BENNETT & SCHUPP PC
120 S 6TH ST STE 2200
MINNEAPOLIS MN 55402-1824

---

---

NOTICE OF FILING OF ORDER

You are hereby notified on August 14, 2001 a
ORDER

was filed in the above entitled matter.

A true and correct copy of this notice has been served by mail upon the parties named herein at the last known address of each, pursuant to the Minnesota Rules of Civil Procedure.

Christina M. Volkers, Court Administrator

By _TL_______________________________
Deputy

Dated: August 14, 2001

EXHIBIT A

File #
WASHINGTON COUNTY
FILED
AUG 2001
COURT ADMINISTRATOR
BY ____ Deputy

STATE OF MINNESOTA | DISTRICT COURT

COUNTY OF WASHINGTON | TENTH JUDICIAL DISTRICT

In Re:

Grand Jury Proceedings

ORDER

File No. Co-01-1580

The above-entitled case came on for hearing before the undersigned, the Honorable J. E. Cass, Judge of the above-named Court, on May 11, 2001, at the Washington County Government Center, Stillwater, Minnesota.

Petitioner was represented by Robert Bennett. Respondent was represented by Joseph E. Flynn. Washington County was represented by Jay A. Brunner.

The Court, after considering the arguments of counsel and memoranda submitted, and based upon all of the files, records, and proceedings herein, makes the following:

**ORDER**

1. Petitioner may request the court reporter prepare a partial transcript from the Washington County Grand Jury proceedings on or about September 14, 2000, before the Honorable Elizabeth Martin. The portions of the transcript authorized to be prepared are the testimony of Woodbury Police Officers Michael Pomeroy and Jeff Gottstein, and of Tamara Parks.

2. The original transcript and any copies requested shall be sent directly from the court reporter to the United States District Court for the District of Minnesota, to be filed in Parks v. Pomeroy, et al., Case No. 00-CV-2191, for in camera review by the

judge in the federal court proceedings.

3. The attached Memorandum is made a part hereof by reference.

4. The Washington County Court Administrator shall mail a copy of this Order by U.S. mail to counsel for the above-named parties. Such mailing shall constitute due and proper service of this Order for all purposes.

Dated: 8-13-01 ____________________

J. E. Cass
Judge of District Court

**MEMORANDUM**

Re: Grand Jury Proceedings
Court File No. C0-01-1580

Perry Parks was shot and killed on June 3, 2000, by Woodbury Police Officers Michael Pomeroy and Jeff Gottstein. A Grand Jury was impaneled in September 2000, regarding the shooting death. The Grand Jury returned a "no bill" to Washington County District Court Judge Elizabeth Martin on or about September 14, 2000. Petitioner, Tamara Parks, wife of the deceased, has a pending civil rights action venued in the United States District Court for the District of Minnesota. The federal district court action alleges civil rights violations by Officers Pomeroy and Gottstein and by the City of Woodbury in the shooting death of Perry Parks.

Petitioner has made a motion for the release of the grand jury testimony of Officers Pomeroy and Gottstein. The attorney for Petitioner stated at the hearing that Petitioner had no objection to the release of her grand jury testimony, also. Respondents, defendants in the federal action, oppose the motion, as does Washington County.

A request for disclosure of grand jury transcripts should be made to the court where the grand jury was impaneled. Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 226 (1989). The request is properly before this Court.

Minnesota Rule of Criminal Procedure 18.08 provides that matters occurring before the grand jury shall not be disclosed "except when directed by the court preliminary to or in connection with a judicial proceeding." Minn. R.

Crim. P. 18.08. There is a pending judicial proceeding involving the matters heard before the grand jury. Disclosure of the transcript of the testimony before the grand jury is therefore permissible.

A party requesting disclosure of a grand jury transcript must show a particularized need for the transcript. In re Grand Jury Proceedings Relative to Perl, 838 F.2d 304, 306 (8th Cir. 1978). The United States Supreme Court has established a test for particularized need in Douglas Oil. The party requesting the grand jury transcript must show, first, the transcript is needed to avoid a possible injustice in another judicial proceeding, second, the need for disclosure is greater than the need for continued secrecy of the grand jury, and third, the request covers only the materials needed. Douglas Oil at 222.

Petitioner argues the grand jury testimony of the police officers should be disclosed for potential impeachment at trial. She argues a possible injustice will occur if the jury is unaware of any inconsistencies in the officers' testimony and thus are unable to assess the officers' credibility. The same argument may be made with respect to Petitioner's grand jury testimony.

Petitioner argues that the need for secrecy of the grand jury proceedings no longer exists. The grand jury proceedings ended over a year ago. The testimony requested is that of the defendants in the federal action. The need for disclosure of the officers' testimony before the grand jury is greater that the need for continued secrecy of the proceedings.

Petitioner has made a narrow request, limited to the two police officers who are defendants in the federal action. The Court will expand this request to include the grand jury testimony of Petitioner.

Petitioner has met the test for release of a portion of the grand jury transcript. The partial transcript shall be released to the federal court for determination of the appropriateness of release to the plaintiff and defendants.

Dated: 8-13-01

J.E. Cass
Judge of District Court