UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Case No: 00-CV-2191 (MJD/SRN)

---

Tamara Jean Parks, individually and as Trustee for the heirs and next of kin of Perry Michael Parks,

Plaintiff,

vs.

Michael Pomeroy, Jeff Gottstein, in their individual capacities as officers of the Woodbury Police Department, and the City of Woodbury,

Defendants.

**AFFIDAVIT OF JOSEPH E. FLYNN IN SUPPORT OF BILL OF COSTS**

---

STATE OF MINNESOTA )
) ss.
COUNTY OF WASHINGTON )

JOSEPH E. FLYNN, being first duly sworn on oath, deposes and states as follows:

1. I am one of the attorneys for Defendants in the above-captioned matter and this affidavit is made in support of Defendants' Bill of Costs.

2. That based on the attached Memorandum Opinion and Order on Motion for Review of Cost Judgment by Judge Tunheim in Civil No. 99-2015 (Exhibit "A"), the standard for taxation of the costs of deposition transcripts is as follows:

> Section 1920(2) allows taxation of court reporter fees for transcripts only upon a showing that such transcripts were "necessarily obtained for use in the case." The most direct evidence of "necessity" is if the transcript was used in the court proceeding. *Ryther v. KARE 11*, 864 F. Supp. 1525, 1534 (D. Minn. 1994). The costs of transcripts not used in the court proceeding, however, may nonetheless be taxable if

> Court finds that the depositions for which fees have been awarded were reasonably necessary to the parties when they were taken.

Memorandum at p. 6.

3. Plaintiffs' oppose taxation of costs for the depositions of:

   a. Jason Posel
   b. Jeffrey Gort
   c. Joseph Jensen
   d. Chris Caulkins
   e. Stephen Wills.

4. As Judge Tunheim indicates in his Order in the case of *Shimek v. Weinig*, "The costs of transcripts not used in the court proceeding, however, may nonetheless be taxable if the deposition appeared reasonably necessary to the parties when it was taken." All five of the depositions to which Plaintiffs object were actually noticed by Plaintiffs. (Copy of deposition notice attached hereto as Exhibit "B"). As Plaintiffs noticed the depositions, they can hardly argue in good faith that the depositions did not appear reasonably necessary at the time they were taken.

5. Therefore, Plaintiffs' objection to taxation of costs for the depositions of Jason Posel, Jeffrey Gort, Joseph Jensen, Chris Caulkins, and Stephen Wills is utterly without merit and the Clerk should therefore fully tax the deposition costs in the amount of $4,483.24.

FURTHER YOUR AFFIANT SAITH NOT.

s/ Joseph E. Flynn
**Joseph E. Flynn**

Subscribed and sworn to before me
this 9th day of March, 2005.

s/ Nancy A. Hendrickson
Notary Public

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

KAREN SHIMEK,

Plaintiff,

Civil No. 99-2015 (JRT/FLN)

v.

MICHAEL WEINIG AG,
a German corporation,

Defendant.

**MEMORANDUM OPINION AND ORDER ON MOTION FOR REVIEW OF COST JUDGMENT**

---

Paul D. Peterson, PETERSON LAW OFFICE, 6043 Hudson Road, Suite 365, Woodbury, Minnesota, 55125, for plaintiff.

Richard P. Mahoney, MAHONEY, DOUGHERTY & MAHONEY, 801 Park Avenue, Minneapolis, Minnesota, 55404, for defendant.

Plaintiff brought this products liability action after sustaining injuries to the last two fingers of her left hand while operating a woodworking machine at Cannon Valley Woodwork Inc., located in Cannon Falls, Minnesota. After a two-week trial, the jury returned a verdict in plaintiff's favor and awarded her $100,138.95 in damages. On October 15, 2002, plaintiff submitted to the Court a Bill of Costs pursuant to 28 U.S.C. § 1920. The Clerk issued a Cost Judgment in favor of plaintiff on December 4, 2002 in the amount of $10,198.55. Both parties have moved for a review of the Cost Judgment.

EXHIBIT A

FILED ______
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. ______
DEPUTY CLERK ______

## ANALYSIS

Under Federal Rule of Civil Procedure 54(d), costs other than attorneys' fees are allowed "as of course to the prevailing party unless the court otherwise directs." Absent explicit statutory authority to the contrary, courts may not exceed the limitations on taxable costs enumerated in § 1920.[1] *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Plaintiff claims that she is entitled to $29,401.40 in costs that have not been awarded. Defendant counterclaims, and renews its original objections to the Bill of Costs. The Court will address each disputed category listed on the Bill of Costs in turn.

### I. Service fees

Plaintiff claims she is entitled to $871.40 for fees for service of summons and subpoena, and $310.50 for detective services having to do with service of process. It appears from plaintiff's memorandum that plaintiff utilized private process servers. The law in the Eighth Circuit holds that the fees of private process servers are not taxable as costs, because § 1920 contains no provision for such expenses. *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985); *Martino v. United States*, 2002 WL 459069 (D. Minn.

---

[1] 28 U.SC. § 1920 provides in relevant part:

> A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

March 20, 2002) (noting a split among circuits on this question, but acknowledging that the 8th Circuit has not revisited the issue since *Crues*) (citing *Collins v. Gorman*, 96 F.3d 1057, 1059-60 (7th Cir. 1996)). Plaintiff is therefore not entitled to taxation of fees for service of process.

**II. Witness fees**

**A. Rachael Andrie**

Plaintiff was awarded $40, the statutory witness fee, for Andrie's appearance at trial. Plaintiff claims that Andrie was required to incur childcare costs in order to appear, and that therefore an additional $85 should be awarded. Witness fees are limited by 28 U.S.C. § 1821(b) which provides: "A witness shall be paid an attendance fee of $40 per day for each day's attendance." The witness also may recover normal travel expenses, like mileage, and a subsistence allowance as part of a proper costs award. *See* 28 U.S.C. § 1821(c), (d). The Court found no authority authorizing reimbursement for childcare costs, and the plain language of §§ 1821 and 1920 do not authorize its allowance. Therefore, the additional $85 will not be awarded.

**B. Keith Kaiser**

Plaintiff requested $450.00 for the appearance of Keith Kaiser, a health care professional. Plaintiff argues that Kaiser was not formally recognized as an expert, but that nonetheless, he provided necessary testimony about health care provided to plaintiff. The clerk awarded $40 for one day of testimony, and no fees for mileage. Even if the Court were to construe Kaiser as an expert, plaintiff's request for an additional $75 in

pre-trial preparation, and $375.00 for Kaiser's appearance at trial would not be awarded. Plaintiff, however, is awarded $30.60 for Kaiser's mileage.

## III. Expert witness fees

Plaintiff seeks taxation of $28,003.50 for expert witness fees for four experts. The clerk awarded none of these requested fees. Absent explicit statutory authority to the contrary, the recovery of costs for privately-retained expert witnesses is limited to $40 per day, as provided in 28 U.S.C. § 1821(b).[2] *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (rejecting the claim that "a federal court is empowered to exceed the limitations explicitly set out in [28 U.S.C.] §§ 1920 and 1821 without plain evidence of congressional intent to supersede those sections"), *superseded on other grounds,* 42 U.S.C. § 1988(c) (1991)); *Sphere Drake Ins. PLC v. Trisko*, 66 F. Supp. 2d 1088, 1090-91 (D. Minn. 1999), *aff'd,* 226 F.3d 951 (8th Cir. 2000); *see also Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460 (1996) (per curiam). The Court recently discussed this issue at length, *see Martino v. United States*, 2002 WL 459069 (March 20,

[2] Plaintiff cites Minnesota state court decisions, apparently for the proposition that in this diversity action, the law of Minnesota should apply, and expert fees in excess of $40 per day should be awarded. However, in diversity cases, absent express indication from the state's legislature or courts of special interest in providing litigants with recovery of expert witness fees, federal law will govern award of such fees as costs. *See Chaparral Resources, Inc. v. Monsanto Co.*, 849 F.2d 1286, 1292 (10th Cir. 1988); *Kivi v. Nationwide Mut. Ins. Co.*, 695 F.2d 1285, 1289 (11th Cir. 1983); *Ezelle v. Bauer Corp.*, 154 F.R.D. 149, 153 (S.D. Miss. 1994) (citing *Seal v. Knorpp,* 957 F.2d 1230, 1237 (5th Cir.1992)); *see generally* Wade P. Webster, *Expert Witness Fees in Federal Diversity Cases*, 24 ST. MARY'S L.J. 463 (1993). The allowance of expert fees under Minnesota law is discretionary with the trial court. *See* Minn. Stat. § 357.25 (2000); *see also Stinson v. Clark Equip. Co.*, 473 N.W. 2d 333, 337 (Minn. Ct. App. 1991). Minnesota law does not vest plaintiff with a substantive right to an award of expert fees in excess of the $40 per day provided in 28 U.S.C. § 1821. *See Sphere Drake Ins. PLC v. Trisko*, 66 F. Supp. 2d 1088, 1091-92 (D. Minn. 1999).

2002), and noted that courts may tax as costs expert witness fees in excess of the $40-per-day limit only where expressly authorized by statute or agreement. Therefore, plaintiff is entitled only to $40 per day, for each day each expert attended the trial, or testified at a deposition.

A review of the record reveals that witness Corrine Geiger testified at trial on December 11 and 12; that witness Ralph Hartman testified on December 12; that witness Lanny Berke testified on December 12; and that Philip Haber testified on December 13. Section 1920 authorizes payment of the statutory fee for "attendance" not for mere consultation or for other services of experts. Therefore, the Court holds that plaintiff is entitled to $200 for testimony during trial.

Plaintiff is also entitled to $40 per day for each day each expert witness who testified at a deposition. This specific witness expense is permitted under 28 U.S.C. § 1821(a)(1), which provides in relevant part, "a witness . . . before any person authorized to take his deposition . . . shall be paid fees and allowances provided by this section." Under this section, witnesses may be paid an attendance fee of $40.00 per day, reasonable travel expenses and, if overnight stay is required, a subsistence allowance. A review of the exhibits attached in support of the Bill of Costs reveals that Hartman testified at a deposition on May 23, 2001, and Berke testified at a deposition on May 15, 2001. Plaintiff is awarded $80 for testimony at these depositions.

Plaintiff requests fees to pay expert Ralf Hartman to translate documents from German. However, costs for translation of exhibits must be disallowed. Nothing in 28 U.S.C. § 1920 provides for such an award. *See Viacao Aerea Sao Paulo, S.A. v. Int'l*

*Lease Finance Corp.*, 119 F.R.D. 435, 440 (C.D. Cal. 1988) (overruled on other grounds). Although section 1920(6) allows costs for interpreters' services at trial, no provision of § 1920 covers translation of documents prepared before trial begins. *Id.* Further, neither § 1827 nor § 1828 assists defendant.[3] *Id.* Consequently, the Court denies taxation of costs attributed to translator's fees.

## IV. Court Reporter Fees

Defendant's original memorandum opposing plaintiff's bill of costs specifically objected to plaintiff's request for court reporter fees for depositions not read into evidence at trial. The clerk awarded $3,249.40, which represented all but $79 of plaintiff's request. The clerk did not award the cost of a video deposition of plaintiff.

Section 1920(2) allows taxation of court reporter fees for transcripts only upon a showing that such transcripts were "necessarily obtained for use in the case." The most direct evidence of "necessity" is if the transcript was used in the court proceeding. *Ryther v. KARE 11*, 864 F. Supp. 1525, 1534 (D. Minn. 1994). The costs of transcripts not used in the court proceeding, however, may nonetheless be taxable if the deposition appeared reasonably necessary to the parties when it was taken. *Id.* The Court finds that the depositions for which fees have been awarded were reasonably necessary to the parties when they were taken. Therefore, the Court affirms the clerk's award of

[3] 28 U.S.C. § 1827(a) provides "The Director of the Administrative Office of the United States Courts shall establish a program to facilitate the use of certified and otherwise qualified interpreters in judicial proceedings instituted by the United States." 28 U.S.C. § 1828 provides for simultaneous interpretation services in multidefendant criminal actions and multidefendant civil actions.

$3,249.40. The Court awards an additional $79 for plaintiff's video deposition that was played during the trial.

## V. Conclusion

After reviewing the Cost Judgment, the Bill of Costs, and the parties' memoranda, the Court finds that the clerk properly taxed $10,198.55 for the following items: fees of the clerk; fees for the court reporter for deposition transcript costs of witnesses who testified at trial; fees of witnesses; fees for exemplification and copies of trial exhibits necessarily obtained for use in the case; and deposition travel costs as allowed under 28 U.S.C. § 1821. The Court finds that plaintiff is entitled to an additional taxation of costs in the amount of $389.60. This represents $30.60 for mileage for witness Kaiser, $280 for the testimony of expert witnesses at trial and at depositions, and $79 for the video deposition of plaintiff that was played during the trial.

## ORDER.

Based upon all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that plaintiff's Motion for a Review of the Cost Judgment [Docket No. 104] and defendant's Cross-Motion for a Review of the Cost Judgment [Docket No. 107] are **GRANTED in part** and **DENIED in part** as more fully set forth in the text this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: February 10, 2003
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Tamara Jean Parks, individually and as Trustee for the heirs and next of kin of Perry Michael Parks,

Plaintiff,

vs.

Michael Pomeroy, Jeff Gottstein, in their individual capacities as officers of the Woodbury Police Department, and the City of Woodbury,

Defendants.

---

Case No. 00-CV-2191 (MJD/SRN)

NOTICE OF
TAKING DEPOSITION

TO: DEFENDANTS ABOVE NAMED, AND THEIR ATTORNEY, JOSEPH FLYNN, JARDINE, LOGAN & O'BRIEN, PLLP, 2100 PIPER JAFFRAY PLAZA, 444 CEDAR STREET, ST. PAUL, MN 55101-2160

PLEASE TAKE NOTICE, that the plaintiff will take the following depositions before a qualified court reporter at the offices of Gartner, Bennett & Schupp, PC, Suite 2200, 120 South Sixth Street, Minneapolis, Minnesota, at the times and on the dates indicated below, and thereafter by adjournment until the same shall be completed:

| | |
|---|---|
| July 11, 2001, at 9:00 a.m. | Steve Wills |
| July 11, 2001, at 10:00 a.m. | Christopher Ployhart |
| July 11, 2001, at 1:00 p.m. | Jason Posel |
| July 11, 2001, at 3:00 p.m. | Jeff Gort |
| July 12, 2001, at 9:00 a.m. | Joseph Jensen |
| July 12, 2001, at 10:00 a.m. | Chris Caulkins |

EXHIBIT
B

**Dated this 12th day of June, 2001.**

GARTNER, BENNETT & SCHUPP, PC

By:______________________________
Robert Bennett (6713)
Eric Hageman (258180)
*Attorneys for Plaintiff*
Suite 2200, One Financial Plaza
120 South Sixth Street
Minneapolis, MN 55402-1824
(612) 333-3839

**776/depo4**